NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOLORES YANETH BONILLA DE RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  17-71589<br><br>Agency No. A206-136-937<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2019[**]
Seattle, Washington

Before:  WATFORD and MILLER, Circuit Judges, and BENITEZ,[***] District Judge.

Dolores Bonilla de Rodriguez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' (BIA) order dismissing her

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. The arguments in her brief challenge only the agency's conclusions regarding Bonilla de Rodriguez's claims for asylum and withholding of removal. We deny the petition for review because substantial evidence supports the agency's determination that Bonilla de Rodriguez failed to establish that she is a member of the particular social group that she alleges. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A).

Bonilla de Rodriguez argues that she has a well-founded fear of persecution on account of her membership in a particular social group consisting of married women in El Salvador who are unable to leave their relationships. Even assuming that *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), is still valid, and that Bonilla de Rodriguez's proposed particular social group is cognizable under its reasoning, the BIA did not unreasonably conclude that Bonilla de Rodriguez failed to demonstrate that she belongs to that group.

Bonilla de Rodriguez testified that she came to the United States because she feared her husband, who raped her and physically abused her and their son between 2007 and 2011. Her husband told her that she could not be with anybody else if she was not with him and threatened to kill her. According to Bonilla de Rodriguez, she "separated from him" to live with her aunts for three months,

during which time her husband showed up on three occasions and tried unsuccessfully to take their son away. She then moved to her parents' house for five months. Bonilla de Rodriguez had no contact with her husband during those five months before she left for the United States. Based on these facts, substantial evidence supports the BIA's conclusion that Bonilla de Rodriguez was able to leave her relationship and therefore was not a member of her proposed social group.

**PETITION FOR REVIEW DENIED.**